# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIO RODRIGUEZ, | 1:10-cv-01255 GSA |
| Plaintiff, | **ORDER REGARDING STIPULATION** |
| v. | **TO EXTEND TIME FILED MAY 6, 2011** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | (Document 15) |
| Defendants. | |

On May 6, 2011, the parties filed a stipulation regarding an extension of time within which Defendant would be permitted to file its opposition no later than June 3, 2011.  (Doc. 15.) Before addressing the parties stipulation, the Court will address Plaintiff's filing an Amended Opening Brief some twenty-eight days past the relevant deadline and, without leave of Court. This Court once again takes note of Plaintiff's counsels disregard of deadlines and procedural formalities.

***Relevant Background***

Plaintiff Pio Rodriguez filed a Complaint in this Court on July 13, 2010.  (Doc. 2.)  A scheduling order was issued on July 14, 2010.  (Doc. 6.)  Following service of the summons and

1

complaint, Defendant Michael J. Astrue, Commissioner of Social Security, lodged the administrative record on December 9, 2010.  (Doc. 10.)

On April 7, 2011, following an earlier stipulation for an extension of time, Plaintiff timely filed an Opening Brief in this matter.  (Doc. 13.)  Thus, Defendant's opposition became due on or before May 9, 2011.

However, on May 4, 2011, Plaintiff filed an Amended Opening Brief.  Plaintiff's filing was not accompanied by a request or motion for leave of Court, nor did the amended pleading address the necessity for the filing.  (*See* Doc. 14.)

Thereafter, on May 6, 2011, the parties filed a "Stipulation Extend Time [*sic*]," wherein Defendant sought an extension of thirty days, through and including June 3, 2011, within which to file its opposition "[i]n light of the amended brief filed [by Plaintiff] May 4, 2011."  (Doc. 15.)

***Discussion***

The Scheduling Order issued on July 14, 2010, does not expressly address the matter of amended pleadings or briefs.  It does however provide as follows:

> 12.  The court will allow a single thirty (30) day extension of any part of this scheduling order by stipulation of the parties.  Court approval is not required for this extension.  However, the stipulation shall be filed with the court.
> 13.  Request for modification of this briefing schedule will **not** routinely be granted.
> 14.  With the exception of the single thirty day extension, requests to modify this order must be made by written motion and will be granted only for good cause.

(Doc. 6 at 4, emphasis in original.)  The Federal Rules of Civil Procedure do address amended or supplemental pleadings:

> (1) *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within
>   (A) 21 days after serving it, or
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion . . ..
> (2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

2

1    Because Plaintiff had previously received a thirty day extension of time prior to filing the
2 original opening brief, Plaintiff should have moved to modify the scheduling order or otherwise
3 sought leave of court to file his amended opening brief.  Instead, Plaintiff waited twenty-eight
4 days after filing the opening brief before filing an amended brief.  This was done in the absence
5 of a request for leave, motion to modify the scheduling order, or any other explanation for
6 tardiness.  Notably, the parties have *not* entered into a stipulation permitting Plaintiff to file an
7 amended opening brief.

8    A review or comparison of the opening brief and the amended opening brief reveals a
9 single change[1]: at page thirteen of the amended opening brief, lines nine and ten, it appears
10 Plaintiff has now provided citations to the administrative record that were missing in the original
11 brief filed April 7, 2011.  (*Cf.* Doc. 14 at 13:9-10 to Doc. 13 at 13:9-10 ["A.R. 24-37, 42-44, 46-
12 47, 50"].)

13    Because the change appears not to be substantive - in other words, because the amended
14 opening brief does not seek to add arguments - and because Defendant has not yet received an
15 extension of time, the parties' stipulation is hereby GRANTED.  Nevertheless, the parties are
16 advised that they are expected to adhere to and comply with this Court's Local Rules, the Federal
17 Rules of Civil Procedure, and other orders of this Court.  In the future, Plaintiff's counsel is
18 admonished that, when applicable, to seek leave of court before filing an amended opening brief,
19 explaining the necessity for the brief, and a showing of good cause.

20    Finally, the parties are reminded that the Court - rather than the parties - controls its
21 docket.

23    IT IS SO ORDERED.

24    Dated:   **May 10, 2011**              /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] It is unfortunate the amended opening brief did not also involve corrections to the numerous references to Plaintiff as a woman, and/or the reference to another plaintiff entirely ("Garner maintains that the ALJ . . .").